IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH LEE JONES,

                    Plaintiff,

vs.                                        Case No. 20-2520-SAC

JAY ARMBRISTER,
et al.,

                    Defendants.

## O R D E R

This case is before the court upon plaintiff's motion for a preliminary injunction. Doc. No. 7. Plaintiff, pro se, is seeking an order directing medical treatment for plaintiff's opioid abuse disorder, possibly with tramadol although the motion is somewhat unclear.[1]  Plaintiff has been incarcerated for approximately one year.  He alleges that during this time he has gained over 55 pounds (from 180 to 235) and that his blood pressure has been as high as 167 over 120 (on July 16, 2020).  Plaintiff attributes his medical problems to not receiving tramadol or other treatment for his lifelong opioid abuse disorder.  Plaintiff alleges his doctor prescribed tramadol for him before he was arrested.

A motion for injunctive relief under Fed.R.Civ.P. 65 seeks drastic and extraordinary relief for which the movant must

---

[1] Because plaintiff is pro se, his pleadings are construed liberally.  Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

1

demonstrate clear entitlement.  Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC, 562 F.3d 1067, 1070 (10th Cir. 2009); Oltremari v. Kan. Social & Rehabilitative Serv., 871 F.Supp. 1331, 1344 (D.Kan. 1994).  Plaintiff's burden is even more steep here because he seeks a mandatory injunction directing that a certain action be taken, as opposed to a prohibitory injunction.  O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft, 389 F.3d 973, 975 (10th Cir. 2004)(en banc).  Plaintiff must show: (1) irreparable injury absent injunctive relief; (2) the threatened injury outweighs the harm the proposed injunction may cause the opposing parties; (3) the injunction would not be adverse to the public interest; and (4) a  substantial likelihood of prevailing on the merits.  Heideman v. S. Salt Lake City, 348 F.3d 1182, 1188 (10th Cir. 2003).

The test for an unconstitutional deprivation of medical care contains both an objective and subjective component.  See Strain v. Regalado, ____ F.3d _____, 2020 WL 5985993 *1-2 (10th Cir. 10/9/2020)(applying test under the Fourteenth Amendment for pretrial detainees); Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005)(describing Eighth Amendment test for sentenced prisoners). Plaintiff must allege facts showing an objective, or sufficiently serious, medical need, and plaintiff must allege facts showing that jail officials knew of and disregarded an excessive risk to inmate health or safety.  Mata, 427 F.3d at 751.  A medical need

is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."   Id. at 753 (quotation omitted).

Plaintiff has failed to allege a sufficiently serious medical need to establish a substantial likelihood of prevailing on the merits.   Plaintiff alleges that he has gained 55 pounds over a year's period and that his blood pressure has been high.   He does not allege facts showing that either condition demonstrates a serious need for medical treatment or that tramadol (or other opioid abuse disorder treatment) would be an effective treatment for such conditions.   Plaintiff's allegations also fail to demonstrate an imminent danger of irreparable injury without injunctive relief.   Further, plaintiff has not alleged that he has sought and been denied medical treatment for his weight gain and high blood pressure, aside from medication for opioid abuse disorder.

Under these circumstances the court concludes that plaintiff has failed to establish a substantial likelihood of success on the merits or irreparable harm as necessary to justify a preliminary injunction.   The motion for preliminary injunction (Doc. No. 7) is therefore denied.

**IT IS SO ORDERED.**

Dated this 6th day of November 2020, at Topeka, Kansas.


s/Sam A. Crow_____
United States District Senior Judge