IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH LEE JONES,

        Plaintiff,

vs.                                        Case No. 20-2520-SAC

JAY ARMBRISTER,
et al.,

        Defendants.

**O R D E R**

On October 26, 2020, the court ordered that plaintiff show cause why the above-captioned case should not be dismissed or, in the alternative, file an amended complaint. Doc. No. 4. Plaintiff has filed an amended complaint. Doc. No. 8. On November 6, 2020, the court denied a motion for preliminary injunction plaintiff filed on November 4, 2020. Doc. No. 9. Plaintiff has filed a motion for reconsideration of that decision. Doc. No. 10. Plaintiff also has filed a motion to change venue. Doc. No. 6. This case is now before the court to screen plaintiff's amended complaint and to consider, if necessary, plaintiff's other motions.

The parties and/or counsel are familiar with the screening standards this court has applied in other cases. E.g., Jones v. Board of County Commissioners of Douglas County, Kansas, 2020 WL

6134261 *1-2 (D.Kan. 10/19/2020).  These standards shall be applied here.

The amended complaint names the following defendants:  Jay Armbrister, Sheriff of Douglas County; Gary Bunting, Undersheriff of Douglas County and administrator of the Douglas County Jail; and "Mr. Hormell," director of medical staff at the Jail. Plaintiff alleges claims under 42 U.S.C. § 1983,[1] the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132,[2] and Kansas medical malpractice law.

Plaintiff alleges that after he entered the Douglas County Jail on November 14, 2019, the jail staff took him off tramadol which an outside doctor originally prescribed for back pain. Plaintiff asserts that this has caused plaintiff to gain 60 pounds and experience high blood pressure.  He claims this is the result of plaintiff's opioid use disorder ("OUD"), although he does not cite any medical authority.  Plaintiff alleges he has been denied

---

[1] Section 1983 provides in part:
  Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .
[2] Section 12132 provides in part:
  [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

access to OUD treatment with opioids, such as buprenorphine, and that he has been denied appointments with outside doctors.

The test for an unconstitutional deprivation of medical care contains both an objective and subjective component.  See Strain v. Regalado, ____ F.3d _____, 2020 WL 5985993 *1-2 (10th Cir. 10/9/2020)(applying test under the Fourteenth Amendment for pretrial detainees); Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005)(describing Eighth Amendment test for sentenced prisoners). Plaintiff must allege facts showing an objective, or sufficiently serious, medical need, and plaintiff must allege facts showing that jail officials knew of and disregarded an excessive risk to inmate health or safety.  Mata, 427 F.3d at 751.  A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Id. at 753 (quotation omitted).  The "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." Perkins v. Kan. Dep't of Corrections, 165 F.3d 803, 811 (10th Cir. 1999).

Here plaintiff does not claim that his alleged high blood pressure or his weight gain have led to or seriously risk lifelong handicap, permanent loss or considerable pain.  Thus, plaintiff

3

has not satisfied the objective prong for proving a constitutional violation.

Also, plaintiff has not alleged that his high blood pressure or weight gain have been intentionally ignored by jail officials. Rather, plaintiff asserts that he has OUD and that for approximately a year since he entered jail, he has not received treatment with opioids.[3]  This apparent disagreement over course of treatment, however, does not rise to the level of a constitutional violation.  Gee v. Pacheco, 627 F.3d 1178, 1192 (10th Cir. 2010).  This relates to the subjective prong.

Plaintiff has referred to Crews v. Sawyer, 2020 WL 1528502 (D.Kan. 3/31/2020) where the parties reached an agreement to permit an inmate with OUD who had just entered BOP custody to use buprenorphine, consistent with a recent prescription, for as long as medically appropriate.  This case is distinguishable because the parties have not reached an agreement, plaintiff has not just entered jail, there is no recent prescription for an opioid, and there may be other effective treatments for back pain, high blood pressure and weight gain that do not involve opioids.

Plaintiff claims that his equal protection rights have been violated, but his allegations fail to state a plausible claim.  To allege an equal protection violation, plaintiff must state facts

---

[3] It appears that plaintiff has been offered a referral to an outside doctor when plaintiff is released from jail.

4

indicating that defendants treated him differently than other similarly situated individuals. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). Plaintiff does not allege that he was treated differently on the basis of class membership. To proceed upon an equal protection claim as a "class-of-one plaintiff," there must be allegations that others similarly situated in every material respect were intentionally treated differently and that the government's action was irrational and abusive. Haik v. Salt Lake City Corp., 567 Fed.Appx. 621, 631-32 (10th Cir. 2014); Kan. Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1216 (10th Cir. 2011). Plaintiff's allegations do not assert that he has been treated differently from inmates who are similarly situated in every material respect. Nor does he allege facts showing that the defendants' actions have been irrational.

In sum, for the above-stated reasons, plaintiff has failed to state a constitutional claim for which he may recover under § 1983.

The complaint also fails to state a claim under the ADA, 42 U.S.C. § 12132. The Tenth Circuit has stated that "'[t]he ADA prohibits discrimination because of disability, not inadequate treatment for disability.'" Hockaday v. Colorado Dept. of Corrections, 766 Fed.Appx. 572, 575 (10th Cir. 2019)(quoting Simmons v. Navajo Cty., 609 F.3d 1011, 1022 (9th Cir. 2010)). In Hockaday, the court affirmed the dismissal of an ADA claim from a prisoner who alleged among other matters that prison authorities

denied his request for physical therapy and other medical treatment as well as prescribed braces and medically necessary shoes or shoe inserts. The court reasoned that the plaintiff's allegations did not claim that plaintiff was being excluded from a prison service, program or activity because of a disability. This holding applies here because plaintiff seeks specific medical treatment for his OUD. He does not claim he has been denied the benefits or services of the jail because of discrimination on the basis of a disability.

Additionally, any ADA claim under § 12132 against the defendants named in the amended complaint in their individual capacities must be dismissed because the proper defendant is the public entity or official acting in his or her official capacity. Simmons v. Cline, 2020 WL 4200833 *1 (D.Kan. 7/22/2020)(collecting cases).

As discussed above, plaintiff's amended complaint fails to state a federal claim for relief. Ordinarily, when only state claims remain, the court will dismiss the state claims without prejudice. U.S. v. Botefuhr, 309 F.3d 1263, 1273 (10th Cir. 2002). In a properly removed case, the court may remand a case back to state court when the federal claims are eliminated, or dismiss the state law claims without prejudice. Schwab v. Ingels, 2020 WL 2037049 *10 (D.Kan. 4/28/2020); Howard v. Burlington Coat Factory, LLC, 2007 WL 2746784 *3 (D.Kan. 9/20/2007). Since this case is in its earliest stages, the court shall dismiss plaintiff's state

6

claims without prejudice.  This action renders moot plaintiff's motion to alter or amend the decision to deny a preliminary injunction, his second motion for preliminary injunction, and plaintiff's motion to change venue.

In conclusion, the court shall dismiss the federal claims in this case because plaintiff has failed to state a federal claim for relief.  The court shall dismiss the state law claims without prejudice.  Plaintiff's motion to alter or amend the order denying a preliminary injunction and plaintiff's second motion for preliminary injunctive relief (Doc. Nos. 10 and 12) are denied as moot.  Plaintiff's motion to change venue (Doc. No. 6) is also moot.  Upon entry of judgment in accordance with this order, this case shall be closed.

**IT IS SO ORDERED.**

Dated this 1st day of December 2020, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge